# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE TORRES, § § Plaintiff, § § v. § § HARBOR FREIGHT TOOLS USA, INC. § § Defendant. § | CASE NO.: 1:23-cv-170 |

## DEFENDANT HARBOR FREIGHT TOOLS USA, INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Harbor Freight Tools USA, Inc. (hereinafter "Harbor Freight Tools"), by and through its attorneys, Clyde & Co US LLP, hereby removes this pending action from the 357th District Court for the County of Cameron, Texas, to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. Sections 1332, 1441 and 1446.

## INTRODUCTION

### A.   *Underlying State Action*

1.   On October 20, 2023, Plaintiff Jose Torres (hereinafter "plaintiff") filed with the 357th Judicial District Court for the County of Cameron, Texas an original petition (hereinafter "Petition") bearing Case No. 2023-DCL-05111, which names Harbor Freight Tools as defendant. *See* Exhibit C, Declaration of Lisa M. Henderson filed concurrently herewith (hereinafter "Henderson Decl."), ¶ 3, Exhibit C.1.

2.   On November 1, 2023, Plaintiff served Harbor Freight Tools' registered agent with the summons and Petition. *See* Henderson Decl., ¶ 4, Exhibit C.2.

3.   The Petition alleges that plaintiff slipped and fell while using a restroom (hereinafter "Restroom") at a Harbor Freight Tools' retail store located in Harlingen, Texas (hereinafter "Incident"). *See* Exhibit C.1. The Petition further alleges that, at the time of the

Incident, a toilet in the Restroom was leaking water on the floor and that plaintiff suffered serious injuries after slipping and falling on that water. *Id.*

4.  The Petition asserts negligence and premises liability claims against Harbor Freight Tools. *See* Exhibit C.1. Plaintiff seeks damages for physical pain and mental anguish, physical impairment, physical disfigurement, present and future lost wages and loss of earning capacity and medical care expenses. *Id.*

### B. *Consent and Timing of Removal*

5.  The deadline to remove a state court action to federal court is within thirty days after the receipt by a defendant of a complaint that provides a basis to remove or, if the initial complaint does not provide such a basis, thirty days from the date the defendant receives an amended pleading, motion, order or other paper that does so provide. *See* 28 U.S.C. § 1446(b).

6.  Harbor Freight Tools was served with the Petition on November 1, 2023. *See* Henderson Decl., ¶ 4, Exhibit C.3. December 1, 2023, is thirty days after the date Harbor Freight Tools was served with the Petition. Because this Notice of Removal was filed prior to December 1, 2023, this removal is timely under 28 U.S.C. Section 1446(b).

7.  To remove an action to federal court, "all defendants who have been properly joined and served" must consent to the removal. *See* 28 U.S.C. § 1446(b)(2)(A). Harbor Freight Tools is the only defendant named in this action and hereby consents to removal by virtue of this Notice of Removal.

## ARGUMENT

### I

### THIS COURT HAS DIVERSITY JURISDICTION
### BASED UPON 28 U.S.C. SECTIONS 1332 AND 1441

8.  This Court has original jurisdiction pursuant to 28 U.S.C. Section 1332 based upon diversity of citizenship between the parties. Pursuant to 28 U.S.C. Section 1441, this case may be

removed by Harbor Freight Tools because it is a civil action between citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9. As demonstrated below, because all requirements to remove this action are satisfied, this Court has original jurisdiction over this action and this case may be removed to this Court under 28 U.S.C. Sections 1332, 1441 and 1446.

### A. Diversity of Citizenship

10. "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

11. "With respect to the diversity jurisdiction of the federal courts, citizenship has the same meaning as domicile." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Domicile imports "permanent residence in a particular state with the intention of remaining." *Id*. "[T]he place of residence is *prima facie* the domicile." *Id*.

12. For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

13. Plaintiff is an individual who resides in Texas. *See* Exhibit C.1, ¶ 3.

14. Harbor Freight Tools is, and was at all material times, a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Calabasas, California. *See* Exhibits C.4, C.5.

15. Accordingly, because Harbor Freight Tools is a citizen of a different state from plaintiff, there exists complete diversity of citizenship between those parties for the purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332(a)(2).

B.     **Amount in Controversy**

    i.     *It is Facially Apparent That the Amount in Controversy Exceeds $75,000*

16.     Under 28 U.S.C. § 1332(a), this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

17.     "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). "[A] court can determine that removal was proper if it is facially apparent that the claims are likely above [$75,000]." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

18.     Here, it is facially apparent from the Petition that the amount in controversy between the parties exceeds $75,000, exclusive of costs and fees. The Petition states that, as a result of the Incident, plaintiff suffered serious injuries, including: (1) physical pain; (2) mental anguish; (3) physical impairment; and (4) physical disfigurement. *See* Exhibit C.1. In addition, the Petition seeks compensatory damages, as well as damages for lost wages, lost earning capacity and past and future medical expenses. *Id.*

    ii.     *Plaintiff's Settlement Demand Established That the Amount in Controversy Exceeds $75,000*

19.     "[A] removing attorney may support federal jurisdiction by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Courts in the Fifth Circuit consider settlement demands made by plaintiffs when determining whether the amount in controversy requirement has been met. *See, e.g., Carver v. Wal-Mart Stores, Inc.*, No. CIV.A. 08-42-M2, 2008 WL 2050987, at *4 (M.D. La. May 13, 2008) (holding that a settlement demand is "valuable evidence" to consider when courts determine the amount in controversy); *Landreth v. Allstate Texas Lloyd's*, No. CIV.A. C-09-254, 2009 WL

3756902, at *3 (S.D. Tex. Nov. 6, 2009) ("[c]ourts have consistently looked to demand letters, particularly pre-suit demand letters, as evidence of the amount in controversy.")

20. On August 21, 2023, plaintiff's counsel made a $85,000 settlement demand to Harbor Freight Tools. *See* Henderson Decl., ¶ 7, Exhibit C.6. Accordingly, it cannot be reasonably disputed that the amount in controversy in this case exceeds $75,000.

## CONCLUSION

21. In light of the foregoing, because there is complete diversity between plaintiff and Harbor Freight Tools and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. Sections 1332 and 1441.

WHEREFORE, Harbor Freight Tools prays that the above-entitled action now pending in the 357th District Court for the County of Cameron, Texas be removed to this Court pursuant to 28 U.S.C. Sections 1332, 1441 and 1446.

Respectfully submitted,

CLYDE & CO US, LLP

*/s/ Lisa M. Henderson*
Lisa Henderson
Texas Bar No. 24025423
Southern District Bar No. 27407
CLYDE & CO US LLP
1440 N. Central Expressway, Suite 800
Dallas, Texas 75231
Telephone: (214) 540-7539
Facsimile: (214) 540-7540
E-mail: lisa.henderson@clydeco.us
Telephone: (214) 540-7539
Facsimile: (214) 540-7540

-and-

Kevin R. Sutherland
(*pro hac vice* application to be submitted)
E-mail: kevin.sutherland@clydeco.us
Christian T. Johnson
(*pro hac vice* application to be submitted)

E-mail: christian.johnson@clydeco.us
Edward F. Sears
(*pro hac vice* application to be submitted)
E-mail: ned.sears@clydeco.us
CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801

**ATTORNEYS FOR DEFENDANT
HARBOR FREIGHT TOOLS USA, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on all counsel of record via ECF electronic delivery on November 21, 2023.

*/s/ Lisa M. Henderson*
LISA M. HENDERSON

**HARBOR FREIGHT TOOLS' NOTICE OF REMOVAL —PAGE 6**